**Njac GJONI, Taze Gjoni, Emiljan Gjoni, Pjerin Gjoni, Petitioners,**

v.

**Alberto R. GONZALES, Respondent.**

No. 05–3017–ag.

United States Court of Appeals, Second Circuit.

June 9, 2006.

Kai W. De Graaf, New York, NY, for Petitioners.

Reginald I. Lloyd, United States Attorney for the District of South Carolina, Marvin J. Caughman, Assistant United States Attorney, Columbia, SC, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Lead Petitioner Njac Gjoni ("Gjoni"), on behalf of himself, his wife, and their two minor children (collectively, "petitioners"), all of whom are natives and citizens of Albania, petitions for review of an order of

the BIA, affirming a decision of Immigration Judge ("IJ") Helen Sichel. The IJ pretermitted the petitioners' application for asylum and rejected their application for withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

Where the BIA adopts the decision of the IJ and supplements the decision, as here, we review the decision of the IJ, as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, and we accept those findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005) *(per curiam).* We afford " 'particular deference' in applying the substantial evidence standard" to an IJ's credibility findings. *Zhou Yun Zhang v. United States INS,* 386 F.3d 66, 73 (2d Cir.2004) (quoting *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997)). If credibility findings are based "on specific examples in the record of inconsistent statements by the asylum applicant about matters material to his claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Id.* at 74 (internal quotation marks omitted).

### 1. *Asylum*

■ The IJ pretermitted the petitioners' asylum claim for failure to establish by clear and convincing evidence that Gjoni filed his application for asylum within one year of entry into the United States. Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that there were neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law," the petitioners challenged only the agency's factual determinations and exercise of discretion. We therefore lack jurisdiction to review the agency's denial of asylum, *see Joaquin–Porras v. Gonzales,* 435 F.3d 172, 178–80 (2d Cir.2006), and that portion of the petition requesting review of the asylum claim is dismissed.

### 2. *Withholding of Removal and CAT*

■ The IJ purported to deny the petitioners' withholding of removal and CAT claims for failure to meet their burden of proof. In support, the IJ pointed only to inconsistencies regarding the length of Gjoni's term of imprisonment and to the meaning of certain classifications in Gjoni's submitted membership card for the Association of the Former Politically Persecuted People. We therefore deem the IJ's ruling to have been based on an adverse credibility determination. Upon review of the record, we conclude that such a determination is supported by substantial evidence.

For example, the record supports the IJ's proper identification of inconsistencies among a submitted letter, the testimony of Gjoni, and the testimony of his wife regarding the length of Gjoni's term of imprisonment, a matter material to Gjoni's claim of persecution. When confronted with the apparent inconsistencies, neither Gjoni nor his wife was able to offer an explanation for the discrepancies.

In addition, the IJ noted that Gjoni's purported membership card in the Association of the Former Politically Persecuted People indicated only that Gjoni's father had been a political prisoner; it did not specify whether Gjoni himself was a political prisoner. Although Gjoni offered an explanation for the apparent omission, we cannot conclude that a reasonable factfinder was compelled to accept the explanation or to credit Gjoni's account. *See generally Zhou Yun Zhang v. United States INS*, 386 F.3d at 74 (holding that reviewing court may not hypothesize excuses for inconsistencies in testimony or explain away improbabilities). Accordingly, we decline to disturb the IJ's denial of withholding of removal.

Because Gjoni's CAT claim was based on the same facts as his asylum and withholding of removal claims, the adverse credibility finding supports denial of the CAT claim as well. *See Xue Hong Yang v. Gonzales*, 426 F.3d 520, 522–23 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).